IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEOLA MARIE PIRTLE**                                          **PLAINTIFF**

**V.**                     **NO. 4:23-CV-00741 BRW-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**               **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Leola Marie Pirtle ("Pirtle"), applied for Title II disability insurance benefits on April 19, 2016, and for Title XVI supplemental security income benefits on August 2, 2016, alleging a disability onset date of March 1, 2016. (Tr. at 190). After conducting hearings, Administrative Law Judges ("ALJ") denied her applications in 2018 and 2020. (Tr.at 190-202, 216-229). The 2018 unfavorable ALJ

decision was remanded by the Appeals Council, and so was the 2020 unfavorable decision. (Tr. at 209-211, 237-239). After a third hearing, an ALJ found in 2022, that Pirtle was not disabled, and upon review, the Appeals Council found no error. (Tr. at 12-28, 103). Therefore, the 2022 ALJ's decision now stands as the final decision of the Commissioner. Pirtle has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

## II.  The Commissioner's Decision:

Pirtle was born on June 7, 1963, and was 52 years-old on the alleged onset date, meaning she was in the "closely approaching advanced age" category at that time. (Tr. at 19-27). During the pendency of her applications, she changed category to "advanced age."[1] *Id*. Pirtle meets the insured status requirements of the Social Security Act through December 31, 2019. (Tr. at 16).

The ALJ found that Pirtle had not engaged in substantial gainful activity since the alleged onset date of March 1, 2016.[2] *Id*. At Step Two, the ALJ found that Pirtle

---

[1] A claimant's age combined with other vocational factors informs a decision about whether she is disabled. 20 CFR §§ 404, Subpart P Appendix 2—Medical-Vocational Guidelines; Social Security Rulings (SSR): 85-15, 83-14, 83-12, 83-11, and 83-10.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

had the following severe impairment: adjustment disorder with mixed anxiety and depressed mood. *Id.*

After finding that Pirtle's impairments did not meet or equal a listed impairment (Tr. at 17), the ALJ determined that Pirtle had the residual functional capacity ("RFC") to perform work at the medium exertional level, with additional mental restrictions: (1) she can understand, remember, and carry out simple, routine, and repetitive tasks; (2) she can respond to usual work situations and routine work changes; (3) she can respond to supervision that is simple, direct, and concrete; and (4) she can only occasionally interact with the general public. (Tr. at 18). The ALJ did not place any physical RFC restrictions on Pirtle. *Id.*

The ALJ determined that Pirtle is unable to perform any of her past relevant work. (Tr. at 26). Relying upon the testimony of the Vocational Expert ("VE"), the ALJ found that, based on Pirtle's age, education, work experience and RFC, jobs existed in the national economy that she could perform. (Tr. at 26-28). Therefore, the ALJ found that Pirtle was not disabled. *Id.*

**III. Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether

it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Pirtle's Arguments on Appeal

Pirtle contends that the evidence supporting the ALJ's decision to deny

4

benefits is less than substantial. She argues that: (1) the ALJ failed to fully develop the record; (2) the ALJ erred at Step Two in her finding about severe impairments; (3) the ALJ did not give proper consideration to Pirtle's subjective complaints; and (4) the ALJ erred in her RFC determination. (Doc. No. 9 at 3-4). The Court finds support for Pirtle's second and fourth argument.

The ALJ recognized that Pirtle suffered from a variety of impairments. The Court, however, bases its opinion on Pirtle's back pain condition, and will limit its discussion thereto.[3]

Pirtle told her doctors that she had suffered from years of back pain. Pain management specialists diagnosed muscle spasm, radiculopathy, and myositis. (Tr. at 833-838). Pirtle had "positive exquisite muscle tenderness in the lumbosacral area of the paraspinous muscles." (Tr. at 796). Strength and movement in the lower extremities was significantly limited. (Tr. at 824). Straight-leg raise testing was positive at multiple times, although the ALJ stated that Pirtle had negative straight-leg raise. (Tr. at 21, 689-690, 824). A consultative examiner found that Pirtle was unable to squat, and he diagnosed Pirtle with low back pain and sciatica. (Tr. at 821-824). Pirtle treated with narcotic pain medications, which were not helpful. (Tr. at

---

[3] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

690, 822). She waked with a shuffling gait and needed a walker, which her doctor prescribed. (Tr. at 23, 806-810). While her pain management doctors refereed her for physical therapy, Pirtle did not seek that out, stating that she had no means of transportation. (Tr. at 24, 802). The ALJ characterized this as noncompliance with treatment recommendations. (Tr. at 23-24).

The ALJ did not find Pirtle's back problems to be a severe impairment at Step Two.[4] The ALJ identified no physical severe impairments, in spite of the objective findings outlined above. The Social Security Administration's own Disability Determination Services medical experts also found no severe physical impairments. (Tr. at 133, 164). As a result, no RFC analysis by any medical expert was done for Pirtle's physical impairments; in a 2018 case from this district with nearly identical objective evidence of a back impairment, the Court reversed for both Step Two and RFC errors.[5] It is noteworthy that the two prior Appeals Council remands for Pirtle's

---

[4] Step Two involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

[5] See *Cody v. SSA*, NO. 3:17-CV-00316-BD, 2018 U.S. Dist. LEXIS 120660 *6-7 (E.D. Ark. July 19, 2018) ("Mr. Cody rightly argues that, by ruling out back pain as a severe impairment at step two, the ALJ short-circuited the RFC question.")

claims ordered further administrative review at Step Two, as well as reconsideration of the RFC. (Tr. at 209-239).

The ALJ simply arrived at an RFC for medium work without supporting medical opinions and without conducting the proper analysis, which was harmful error.[6] Because Pirtle changed age category to "advanced age" during the pendency of this case, she would have been found disabled automatically if the RFC had limited her to light, instead of medium, work.[7] (Tr. at 26-27). As a result, the RFC exertional level was very important to Pirtle's claims. The ALJ erred by not properly considering her physical impairments at Step Two, which rendered the RFC determination defective. Therefore, reversal is required.

## IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred at Step Two and in her RFC analysis.

---

[6] Medium work is defined as lifting or carrying no more than 50 pounds at a time with frequent lifting and carrying of up to 25 pounds, with a good deal of walking or standing. 20 C.F.R. § 404.1567(c).

[7] https://www.ssa.gov/OP_Home/cfr20/404/404-app-p02.htm; 20 CFR §§ 404, Subpart P Appendix 2—Medical-Vocational Guidelines.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 13th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE